```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
WALTER BRICE,                                                    :
                                                                 :
                                            Plaintiff,           :        1:23-cv-7857-GHW
                                                                 :
                       -v –                                      :         MEMORANDUM
                                                                 :        OPINION & ORDER
COSTCO WHOLESALE CORPORATION and                                 :
ALVIN CLAUDIO,                                                   :
                                            Defendants.          :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2024

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Walter Brice slipped and fell while shopping at Costco. Of course Mr. Brice sued, naming as defendants Costco Wholesale Corporation ("Costco"), and Alvin Claudio, a Costco employee who had recently mopped the floor. Mr. Brice filed his case in New York State court. The defendants removed the case to this Court, asserting that the Court had diversity jurisdiction over the matter, notwithstanding the fact that both Mr. Brice and Mr. Claudio are New Yorkers. The defendants argued that Mr. Claudio was fraudulently joined to the action—pointing to evidence that they claim establishes that Mr. Claudio did not mop the floor on the day of the accident. Because the defendants have not shown by clear and convincing evidence that there is no possibility that the plaintiff can pursue his claim in state court, the plaintiff's motion to remand this case to state court is GRANTED.

## II. BACKGROUND

Mr. Brice filed this action in New York State Supreme Court on January 5, 2023. *Walter Brice v. Costco Wholesale Corporation et al.*, Index No. 150160/2023, Dkt. No. 1-1 (the "Complaint"). Mr. Brice pleaded that he was a citizen of the State of New York. Complaint ¶ 1. And the Complaint identified Mr. Claudio as another New Yorker, while describing Costco as a foreign corporation. *Id.*

¶¶ 2, 8.

The substantive allegations in Mr. Brice's short complaint were straightforward. Mr. Brice alleged that Costco operated a store in Lawrence, New York. *Id.* ¶ 6. And then,

> On the 30th day of November 2022, plaintiff was lawfully walking in the above mentioned warehouse when he slipped and fell after defendant, ALVIN CLAUDIO, mopped the floor, left it wet, and failed to place warning signs, causing plaintiff to suffer injury.

*Id.* ¶ 12. Mr. Brice alleged that his fall was the result of the defendants' negligence "in failing to maintain and keep the warehouse in a safe and proper condition." *Id.* ¶ 13. He claimed that he had been injured as a result of the accident, but did not quantify the dollar value of his damages in the Complaint.

The defendants removed this case from New York State Supreme Court on September 5, 2023. The request was timely because it was made within 30 days after they received a demand exceeding the $75,000 jurisdictional threshold amount. Dkt No. 1 ("Notice of Removal") ¶ 4. The defendants asserted that the Court had diversity jurisdiction over the action. In doing so, they acknowledged that the plaintiff's claims against Mr. Claudio—a New Yorker, like the plaintiff—would normally defeat diversity. However, the defendants argued that Mr. Claudio had been fraudulently joined—named in the action "solely in an effort to destroy diversity jurisdiction since plaintiff is aware that there are no cognizable claims against Mr. Claudio." *Id.* ¶ 6. As the basis for that argument, counsel for the defendants asserted that he had informed the plaintiff's counsel on February 1, 2023—after the case was filed—that he had evidence that Mr. Claudio was not working on the date of the plaintiff's injury. *Id.* ¶ 8.

The Court held a conference on September 21, 2023 to discuss a potential motion to remand this case to state court. Dkt. No. 25. The Court scheduled briefing for that motion later the same day. Dkt. No. 21.

On October 4, 2023, the plaintiff filed his motion to remand. Dkt. No. 22 (notice of motion); Dkt. No. 23 (Declaration of Walter Brice or "Brice Decl."); Dkt. No. 24 (memorandum of law or "P's Mem."). In support of his motion, Mr. Brice presented a declaration to the Court. In it, he explained the factual basis for his decision to name Mr. Claudio as a defendant in the suit. Mr. Brice stated that he returned to the Costco where he had been injured sometime after his accident. He went to what he believed to be the "management/customer service office to ask who mopped the floor prior to my fall." Brice Decl. ¶ 5. Mr. Brice explained that he spoke with a woman in that office wearing a Costco shirt who told him "that Alvin Claudio was the person who mopped the floor prior to my accident, and she also wrote his name down for me on a piece of Costco stationary." *Id.* ¶ 6. Mr. Brice attached an image of that piece of stationary to his declaration.

At core, the plaintiff argued in his motion to remand that he had a good faith basis to name Mr. Claudio at the time that he filed suit—after all, he had been told as much by a Costco employee in the store's management office. And, he argued that, although the defendants might have evidence that Mr. Claudio did not work on the date in question, that disputed fact should not be resolved by the Court in the context of a motion to remand. In support of his argument, the plaintiff pointed to the Second Circuit's opinion in *Pampillonia v. RJR Nabisco. Inc.*, in which the Second Circuit held that "all factual . . . issues must be resolved in favor of the plaintiff" in resolving disputes regarding fraudulent joinder. 138 F.3d 459, 461 (2d Cir. 1998).

Mr. Brice also highlighted the fact that the New York State Supreme Court had denied the defendants' pre-answer motion to dismiss the plaintiff's claims under C.P.L.R. §§ 3211(a)(1) and (7) before the case was removed to this court. P's Mem. at 4. A copy of that decision was attached to Mr. Brice's affidavit. Dkt. No. 22-3 (the "Supreme Court Opinion"). In the Supreme Court Opinion, Justice Dakota D. Ramseur considered the defendants' argument that dismissal under C.P.L.R. § 3211(a)(1) was appropriate because Mr. Claudio's time sheets, together with an

3

accompanying affidavit by his manager, "conclusively shows Claudio could not have created the alleged dangerous wet floor." *Id.* at 1. Justice Ramseur rejected the argument because the documentary evidence presented to her was "not unambiguous or undeniable such that defendants conclusively established that no claim lies against Claudio." *Id.* at 2. Justice Ramseur also rejected the defendants' motion to dismiss the complaint under C.P.L.R. § 3211(a)(7). For purposes of that motion, Justice Ramseur accepted the complaint's allegations as true and concluded that the "plaintiff has sufficiently alleged a negligence cause of action against both Costco and Claudio." *Id.*

The defendants filed their opposition to the motion to remand on October 18, 2023. Dkt. No. 29 ("D. Opp."). In their motion, the defendants argued that they had "satisfied their burden on removal by establishing by clear and convincing evidence that plaintiff has no possibility of recovery against Mr. Claudio[,] who was not working on the date of plaintiff's alleged accident and did not mop the floor as plaintiff claims." D. Opp. at 4. The defendants supported their opposition with affidavits from Mr. Claudio and a manager who asserted that Mr. Claudio had not worked on the day in question. Dkt. No. 27 Exs. A and B. They also attached Mr. Claudio's timesheets, which, they assert, shows that Mr. Claudio did not work on that date. *Id.* Ex. C. The defendants argued that the plaintiff could not contest their evidence because the statements made to him by a Costco employee was inadmissible hearsay. D. Opp. at 5. The motion was fully submitted on October 20, 2023, when Plaintiff filed his reply. Dkt. No. 30.

### III. LEGAL STANDARD

#### A. Removal Generally

An action filed in state court may be removed to federal court, within the time frames provided in 28 U.S.C. § 1446, if the federal court would have had original jurisdiction of the matter if the case had initially been filed there. 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases where a federal question exists and of certain cases involving complete

4

diversity of citizenship. 28 U.S.C. §§ 1331, 1332. "Complete diversity" exists for the purposes of federal diversity jurisdiction under 28 U.S.C. § 1332 when "each defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). A corporation is "deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

After removal to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where jurisdiction is asserted by a defendant in a removal petition, "the defendant bears the burden of demonstrating the propriety of removal." *California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (internal quotation and citation omitted); *see also United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not 'be relieved of [its] burden by any formal procedure.'") (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)). "The Court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." *Lis v. Lancaster*, No. 19-CV-1414 (JSR), 2019 WL 2117644, at *4 (S.D.N.Y. Apr. 25, 2019) (quoting *In re NASDAQ Market Makers Antitrust Litigation*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)).

5

## B. Fraudulent Joinder

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy," a device known as "fraudulent joinder." *Pampillonia v. RJR Nabisco. Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.*; *see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (same). "The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia*, 138 F.3d at 461.

"Most courts in this district have applied the 'no possibility' standard rather strictly, requiring the removing party to show that it is 'legally impossible' for the non-diverse defendant to be held liable under applicable state law, or that recovery against that party is 'per se precluded.'" *Fayet v. Target Corp.*, No. 20-CV-3191-LTS-KHP, 2021 WL 706332, at *4 (S.D.N.Y. Feb. 22, 2021) (internal quotations and citations omitted). "'Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.'" *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) (quoting *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002)).

"When considering whether the 'no possibility' standard has been met, a district court must 'apply the law of the forum state, including the pleading standard of that state.'" *Fayet*, 2021 WL 706332, at *5 (quoting *Segal v. Firtash*, No. 13-CV-7818 (RJS) 2014 WL 4470426, at *3–4 (S.D.N.Y. Sept. 9, 2014) (Sullivan, J.)). "The standard is not whether the claim would likely survive a motion to dismiss, but whether there is any reasonable possibility that the state court would allow it to

6

proceed." *Segal*, 2014 WL 4470426, at *3.

Then-District Judge Richard J. Sullivan has provided a thoughtful outline of how a court should review the record when evaluating whether a party has been fraudulently joined:

> In determining whether a party has been fraudulently joined, a court must look primarily to the pleadings. The pleadings must be considered as they existed at the time of removal and post-removal filings must not be considered "when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." That said, courts may consider documents other than the pleadings "to the extent that the factual allegations [in those documents] . . . clarify or amplify the claims actually alleged [in the pleadings]"; in other words, courts may "look beyond the pleadings to determine *if the pleadings* can state a cause of action."

*Segal*, 2014 WL 4470426, at *4 (internal citations omitted).[1]

### IV. DISCUSSION

#### A. The Defendants Have Not Shown That Plaintiff Has "No Possibility" of Recovery in State Court

The defendants have failed to demonstrate that the plaintiff's decision to name Mr. Claudio as a defendant constituted fraudulent joinder. They have failed to meet their burden to show that there was "no possibility" of recovery against that defendant in state court for two principal reasons.

First, a New York State court has already ruled in essence that there is a possibility of recovery against both defendants. As described above, Justice Ramseur ruled on the defendants' motion under C.P.L.R. § 3211(a)(7) and concluded that the complaint adequately pleaded a

---

[1] The Court adopts Judge Sullivan's description of the standard here because the Court believes it to be consistent with the language adopted by the Second Circuit in *Pampillonia*. That decision, after all, emphasizes that a court is to evaluate the issue of fraudulent joinder "based on the pleadings." *Pampillonia*, 138 F.3d at 461. The *Pampillonia* court also instructed courts to evaluate whether the plaintiff "can *state* a cause of action," not whether the plaintiff can prove a cause of action. *Id.* (emphasis added). This is consistent with Judge Sullivan's instruction that a court should look primarily to the pleadings in evaluating contentions of fraudulent joinder. At the same time, *Pampillonia* directs a court to evaluate whether fraudulent joinder has been shown "based on the pleadings" applying an evidentiary standard—"clear and convincing evidence." *Id.* Judge Sullivan's explanation of how a court should approach evidentiary issues in this context reconciles what might be viewed as some tension in the test announced in *Pampillonia*. Judge Sullivan explains that a court may look outside of the pleadings to evidence to determine "if the pleadings" can state a cause of action.

7

negligence cause of action under state law. Supreme Court Opinion at 2.[2] And Justice Ramseur reviewed evidence presented to her regarding Mr. Claudio's absence from work on the day in question and concluded that it was insufficient to support a motion to dismiss the case under C.P.L.R. § 3211(a)(1). In this case, the Court does not need to speculate whether the plaintiff there is a possibility that the plaintiff can proceed with his claims in state court: a Supreme Court justice of the State of New York has already held that the Complaint passes muster under state law, and that the defendants' evidence is not so compelling as to command early dismissal of the case.

Second, the Court must resolve factual and legal issues in favor of the plaintiff—and thus the clash between the defendants' evidence and the plaintiff's cannot be resolved in the defendants' favor. In their briefing, the defendants assert that the Court can evaluate evidence presented by the parties in the context of a remand motion to determine whether the facts pleaded in the complaint are true. *See* D. Opp. at 3 (citing *Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, 2009 WL 385541, at *3 (E.D.N.Y. Feb. 11, 2009)). For purposes of this opinion, the Court assumes, without holding, that it may do so.[3] However, even so, *Pampillonia* makes clear that "all factual and legal issues must

---

[2] The defendants have not argued that the complaint fails to state a cause of action or that Justice Ramseur's evaluation of the sufficiency of the complaint was error.

[3] As described above, the Court believes that Judge Sullivan's explanation of how the test articulated in *Pampillonia* should be applied is sound. It does not ask the court to evaluate the truth of the facts pleaded in the complaint, but rather "to determine if *the pleadings* can *state* a cause of action." *Segal*, 2014 WL 4470426, at *4 (emphasis added in part). As a leading treatise and several other courts have recognized, there are substantial other reasons why a court might properly avoid resolving a fundamental issue going to the merits of the case—such as whether one of the defendants was involved in the incident—in in order to decide a motion to remand. *See, e.g., USE Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017) ("Here, defendants have failed to meet their burden of establishing, by clear and convincing evidence, that there is no possibility plaintiff can recover from Shore Parkway in state court. Indeed, the very analysis I would have to engage in as to whether plaintiff's injury was caused by a structural or design defect or a violation of an administrative code would require me to adjudicate the merits of the case. That is not the purpose of the fraudulent joinder inquiry. I recognize that there is broad language in some decisions that supports defendants' attempt at removal. Courts vary as to how restrictive or permissive they want to be when allegations of fraudulent joinder are raised. But to me, the better view is that unless it is clear that there can be no claim against a defendant, a claim that is subject to strong defenses is not the same as a fraudulent joinder. The 'no possibility' standard is not an alternative to finding a fraudulent joiner; rather, it is a strong indicator that plaintiff's intent was to prevent removal without grounds to do so. The ultimate determination of fraudulent joinder, however phrased, should be based on whether, in fact, it was the plaintiff's intent to improperly prevent removal."); *see also* 14B Wright, Miller & Cooper, § 3721 at 331 (a "defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case."). Because remand is appropriate in this case even applying the broader test for which the defendant advocates,

be resolved in favor of the plaintiff." *Pampillonia*, 138 F.3d at 461. And here there are disputed facts and legal issues that the Court must resolve in favor of the plaintiff, and that, thus, require remand.

The plaintiff and the defendants have each presented competent evidence regarding whether Mr. Claudio was working on the day of the accident. As described above, the defendants presented affidavits from Mr. Claudio's manager and Mr. Claudio himself asserting that he did not work on the day in question. They also submitted time sheets, which, they assert, show that Mr. Claudio did not work that day. The plaintiff has submitted an affidavit asserting that he spoke with a person wearing a Costco shirt who was working in the management office in the Costco, who told him that Mr. Claudio was working that day. The defendants argue that the Court should not consider Mr. Brice's report of the statements by the Costco employee. They argue that it is not competent evidence because it is hearsay. Thus, in their view, because the plaintiff has no evidence to support his claims and they have some, the Court must rule in their favor.

The defendants' argument that the Court should not consider the statement by the Costco employee founders because the statement is not hearsay. The plaintiff has provided enough information for a court to consider those statements to be vicarious admissions under Federal Rule of Evidence 801(d)(2)(D). That rule provides that "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency of employment, made during the existence of the relationship." F.R.E. 801(d)(2)(D). Laying a sufficient foundation for a vicarious admission requires "only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). "Although the statement to be

---

the Court need not decide whether it is categorically inappropriate for a court to permit the parties to litigate the factual accuracy of the allegations in a complaint in the context of a motion to remand.

introduced may not itself be relied upon to establish the alleged agency relationship, this foundational predicate may be established by circumstantial evidence." *Id.* The declarant's agency relationship can be established even when the name of the declarant is not known, as here. *Id.* at 38 ("Here, the district court made an express finding that the declarant, who arrived at the condominium with a shovel and a bucket after the occupants of condominium had called Castlerock to complain about the icy walkway, was an employee of the management company. Thus, the agency relationship was sufficiently established without identifying the employee.").

Here, Mr. Brice has affirmed that he spoke with someone wearing a Costco shirt in the management office of the Costco where he slipped and fell. In response to his question about who had done the mopping on the day of his fall, she told him that it had been Mr. Claudio. That set of circumstantial evidence could permit a court to accept the statement as a vicarious admission by Costco. To the extent that there is any uncertainty regarding whether the statement should be treated as competent evidence for purposes of the resolution of this motion, the Court resolves that legal issue in favor of the plaintiff.

Having concluded that the plaintiff has presented competent evidence that Mr. Claudio was working on the day in question, *Pampillonia* clearly mandates the result of this motion: the Court must resolve the factual issue in favor of the plaintiff. The defendants have not met the high burden to show by clear and convincing evidence that the plaintiff has no possibility of recovery in state court.

### B. An Award of Fees Incurred as a Result of the Removal is Not Appropriate

The Court will not order that the defendants pay the costs and expenses of removal because the defendants did not lack an objectively reasonable basis for seeking removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014). "In practice, if lack of jurisdiction was not obvious from the face of the removal petition and no other unusual circumstances obtain, a court cannot conclude that an objectively reasonable basis was lacking." *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011) (citation omitted).

In unusual circumstances, a court can award costs and expenses even though the removing party had an objective basis to remove the action. "Although district courts retain the discretion to depart from those rules in unusual circumstances, a court's 'reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).'" *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (quoting *Martin*, 546 U.S. at 141). Those purposes include disincentivizing actions that "delay[ ] resolution of the case, impose[ ] additional costs on both parties, and waste[ ] judicial resources." *Martin*, 546 U.S. at 140–41.

The defendants' argument for removal was wrong, but was not objectively unreasonable. The defendants had a colorable argument that removal was proper. In the Court's view, the defendants misread the cases that they cited for the proposition that a court may review evidence presented by the parties to evaluate the factual accuracy of the facts pleaded in the plaintiff's complaint. As described above, the Court's view aligns with Judge Sullivan's description of the appropriate approach to the use of record evidence in removal proceedings, and that of a leading treatise. *See Segal*, 2014 WL 4470426, at *4; 14B Wright, Miller & Cooper, § 3721 at 331 (a "defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a

11

case."). But the defendants' position was based on a non-frivolous interpretation of the caselaw as developed in several district court opinions.[4] And the defendants' position was supported by a strong factual record. The lack of jurisdiction was not obvious from the face of the removal petition. Thus, the Court concludes that the defendants had an objectively reasonable basis to remove the action.

There are some factors in this case that might weigh in favor of granting an award of costs and expenses, notwithstanding the Court's conclusion that the defendants' position was objectively reasonable. Having considered those factors, however, the Court concludes that this case is not so unusual that, on balance, an award of costs and expenses is warranted. The principal aspect of the defendants' conduct that raises the danger of unnecessary costs and waste of judicial resources, is their decision to remove this action after litigating a motion under C.P.L.R. § 3211(a)(1) in state court. The arguments and evidence presented by the defendants in support of that losing argument overlapped substantially with the arguments and evidence that the defendants presented to support removal of this action. By litigating such similar issues in two courts, the defendants have required the expenditure of duplicative efforts by the parties, and have forced two courts to analyze

---

[4] Much of the caselaw to which the defendants point can reasonably be read to establish that a court has the same authority to resolve factual disputes in the context of motions involving fraudulent joinder as it does when it evaluates a motion under Federal Rule of Civil Procedure 12(b)(1). *See e.g.*, *Pondexter v. Oruzio*, No. 15CV5617CBAMDG, 2017 WL 1079974, at *2 (E.D.N.Y. Mar. 21, 2017) ("In analyzing fraudulent joinder, the Court is permitted to look beyond the pleadings to resolve the jurisdictional question.") (citing *Bldg. & Const. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006) (looking beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1))); *Gov't Emps. Ins. Co. v. Saco*, No. 12-CV-5633 NGG MDG, 2015 WL 4656512, at *5 (E.D.N.Y. Aug. 5, 2015) (holding that the defendants had established fraudulent joinder by producing an affidavit asserting that the defendant did not have the required state of mind for liability) ("[The plaintiff] has failed to put forth . . . evidence" contradicting the defendants' evidence); *In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003) (holding that the non-diverse defendant was fraudulently joined because defendant produced deposition testimony and affidavits asserting that the non-diverse defendant could not have sold a product to the plaintiff). *Compare Locicero v. Sanofi-Aventis U.S. Inc.*, No. 08-CV-489S, 2009 WL 2016068, at *2 (W.D.N.Y. July 10, 2009) (holding that the defendant had failed to establish fraudulent joinder) ("[The defendant] argues that, based on [deposition evidence], it is clear that Plaintiff cannot ultimately prevail on any of her claims. . . . [T]his Court declines to consider this additional evidence and what are, essentially, summary judgment arguments."); *see also Cleary v. Bos. Sci. Corp.*, No. CV06-3423(BMC)(MLO), 2006 WL 2689815, at *3 (E.D.N.Y. Sept. 18, 2006) (holding that defendants failed to meet their burden of establishing fraudulent joinder by submitting unrebutted affidavits disclaiming the allegations in the complaint) ("[C]ases like this, where the facts relating to the merits of the claim are solely within the knowledge of the removing party, are particularly poor candidates for a court to find a sham removal.").

overlapping issues. Because the standard for the motion in state court was not identical to the "no possibility" test applicable here, however, the Court does not conclude that the defendants' decision to remove this action merits an award of costs and expenses.

## V.    CONCLUSION

For the reasons described above, the defendants have failed to establish fraudulent joinder by clear and convincing evidence, and the plaintiff's motion to remand is GRANTED. The plaintiff's application for an award of costs and expenses is DENIED. The Clerk of Court is directed to close all pending motions and to remand this case to New York State Supreme Court in New York County without delay.

SO ORDERED.

Dated: May 28, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge